## COUNTY COMMISSIONERS WITHOUT AUTHORITY TO REVIEW ACTION OF TAXING OFFICIALS.

Common Pleas Court of Huron County.

IN RE APPLICATION OF GEO. W. HOLZ FOR A TAX REFUNDER.

Decided, October 27, 1917.

*Taxation—Application for a Refunder of Taxes—Rejection of, by County Commissioners—Appeal to the Common Pleas Dismissed for Want of Jurisdiction.*

A board of county commissioners has no authority to review the action of taxing officials, and where an application has been made to the commissioners for a refunder of taxes levied on property which had been given an excessive valuation they are without jurisdiction to act, and appeal does not lie to the common pleas court from action taken by such board on such an application.

*A. M. Beattie,* for plaintiff.

*Frank Carpenter,* Prosecuting Attorney, contra.

YOUNG, J.

This matter comes before the court upon the motion to dismiss the appeal attempted to be perfected in this case—an appeal by Mr. George W. Holz to the decision of the county commissioners rejecting his claim for a refunder of certain alleged taxes.

The sole mistake, if any there. was, was made by the assessing body in making or placing too large a valuation upon the property of Mr. Holz. The body thus making the mistake of

over-valuation, if any such there was, is the body charged in the first instance with fixing said valuation. The most that can be said about it, as it is characterized as having been unjust and erroneous, is that it was an erroneous exercise of judgment. That is to say, the persons charged with fixing the valuation and determining it, in the exercise of that judgment they were bound to render, did not justly value but over-valued the property. There is no mistake in fact, underlying their action.

It is, perhaps, like the judgment of the court. When a court hears and determines a matter, its decision may be erroneous, but is the one that the court intended to make and did in fact, make, and made it upon what the court determined was the evidence submitted. It can not be said that the court, however erroneous its judgment, was mistaken in its judgment. It may be reversible because it is against the weight of the evidence, or because improper evidence was permitted to be given, but, after all, the court intended to do the very thing it did do, and it is not a mistake, such as this statute contemplates.

The auditor is charged with making up the duplicates from the returns of the taxing officer. Unless the first or primary taxing official has made a mistake, and his action has been corrected by those the law appoints for that purpose, it is made up from reports from the original assessor. If that action has been reviewed, as the law says it may be, by certain officials, then the duplicate shows the corrected matter; that is to say, what the reviewing board has done, based upon its finding concerning the original assessment. And, in any event, it is the final result as the auditor finds these bodies determine, that the auditor is required to carry into the duplicate.

Just like the recording by the clerk of the court of the action of the court itself. If he has properly kept and carried into the journals what the court has actually decided, however erroneous the court's judgment may be, it is not a mistake of the court nor a mistake in the journal, but is a correct recital of what was actually done.

There is no difference between the parties concerning the facts as to what was done in this case, so far as appears. The auditor recorded in the duplicate exactly what these taxing offi-

cials did; and there is no allegation to the contrary· and no finding that it wasn't so. It is true that the auditor is authorized to correct mistakes in the duplicate, if he discovers them, and that, after the duplicate has passed beyond his control, he may, by giving information to the county commissioners, authorize such board to correct any mistake that has crept into the duplicate. I am not saying but that the auditor would have the right to correct a mistake without calling the attention of the commissioners to it where it is manifest from the duplicate itself. I rather think that the commissioners, no matter how they discovered such a mistake, might have the power to act, under the authority of Section 2589, General Code, to order the correcting of a mistake of that character.

But this is not such a mistake as that; and it has not been shown to the court that other than mistakes of that character that are discoverable upon the duplicate can be corrected by the commissioners. In other words, there is no statute that the court's attention has been called to making the commissioners a court of appeals to review the action of the taxing officials. Other bodies have that power, and not the commissioners.

Therefore, the court is of the opinion that the motion, or the request or action, that was asked of the commissioners was beyond the powers of the commissioners to grant. The board had no jurisdiction, in other words, and that being the case, there can be no appeal sustained from the board's action; and the court can not entertain the appeal, but will dismiss the same, and grant the motion.

Of course, having no jurisdiction before the commissioners, there is no jurisdiction here; and each party will probably have to pay their own costs, for there being no jurisdiction, the court can not assess costs on either one. The costs will have to be paid by the party making them.